Tilghman C. J.
Negro Peggy, the plaintiff in this suit, was on the 23d September, 1780, held as a slave by John Decamp and Nehemiah Stokely of Westmoreland county, and had been so held for some time before. By the act of 1st March, 1780, all negro and mulatto slaves then in the state were entitled to freedom unless registered according to the provisions of that act on or before th.e 1st November, 1780. But by the act of 13th April, 1782, the inhabitants of the counties of Westmoreland and Washington were allowed until the 1st January, 1783, to register such slaves as they held on the 23d September, 1780. At the time of passing this last act the boundary between Pennsylvania and Virginia was in dispute, and as *19 the inhabitants of the .Counties on the-border could not tell to which state they belonged, it was thought reasonable-to allow them further time for registering their slaves than was given by the act of 1st March, 1780. The plaintifF-’s name appears on the register of Westmoreland county under date of the 10th November, 1780: and it is contended, oh her: behalf; that she is entitled to freedom, because she was not registered agreeably to the act of 1st March, 1780, (which allows only to the 1st November, 1780,) nor to the act of 13th April, 1782, which has no retrospect. Her case certainly does not fall within the act of 1st March, 1780, but it appears to me that it does within that of 13th April, 1782. The book of registry in which her name is found is called, “ a list of negro and mu- “ latto slaves, registered’ in- Westmoreland county pursuant to “ an act of assembly of the state of Pennsylvania, entitled, an act for the gradual abolition of slavery, passed the 1st day “ of March, 1780; and to an act entitled, an act to redress “ certain grievances .-within the counties, of-Westmoreland and “ Washington, passed.the 13th day of April,,17,82.” It was-supposed, therefore, by the keeper of the register, that all entries in that book were within one of these, acts of assembly. The object of the last act was to, give time for registering until the 1st January, 1783. So that the entry was made-by that time, it was immaterial when it was done, and an entry on the 10th November, 1-780, was certainly prior-to the 1st January, 1783, The slave being identified on the register once, of what use could it be to do it again? The registry was ordained (as declared in the-5th section of the act of 1st March, 1780) “in order to ascertain and distinguish .the. “ slaves and servants for life, or until the age of 31 years “ within this state from all other persons.” This distinction being established in Westmoreland county at any time before the 1st January, 1783, every requisite and object of the law is complied with. I know that freedom is to be favoured-, but; ■ we have no right to favour it at the expense of property.' The only just mode of extirpating the small remains of slavery in the state, would be by purchasing the slaves at a reasonable price, and paying their owners out of the public, trea-. sury. - By straining the law we might say that the plaintiff is free; but upon a reasonable and candid construction she remains a slave, being registered according to the true intent ©if *20 ■th$ act .of 13th April, 1782, The judgment of the Cburt of Common Pleas must, therefore, be reversed.
Yates J. absent,
Brackenridge J. concurred.
Judgment reversed.